## PIERMAN v. CHISHOLM.

---

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE; CONCEALMENT OF IN-
VENTION.

In an interference relating to an improvement in talking machines, the purpose of which was to make it possible to set the sound box to repeat any passage without repeating the whole record, a decision of the Commissioner of Patents was *affirmed* which held that a test made by one of the parties of his device, which embodied the invention of the issue, showed that the device was operative and constituted reduction to practice, and also that there was no evidence warranting the conclusion that such party thereafter deliberately concealed or suppressed his invention within the rule laid down in *Mason* v. *Hepburn,* 13 App. D. C. 86; *Dieckmann* v. *Brune,* 37 App. D. C. 399; and *Dutcher* v. *Jackson, post,* 465.

No. 989. Patent Appeals. Submitted January 18, 1916. Decided February 7, 1916.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. J. Edgar Bull* and *Mr. Frederick Bachmann* for the appellant.

*Mr. E. G. Siggers* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an interference proceeding in which priority of invention was awarded to the appellee, Charles L. Chisholm.

The device of the issue is a phonograph attachment consisting of an impression device and a receiving surface, one of which is attached to the frame of a machine while the other travels with the sound box, whereby the receiving surface may be marked at any point by the impression device to indicate any desired points in the record. The purpose of this is to make it possible to set the sound box to repeat any passage without repeating the whole of the record. The single count embodying this combination reads as follows:

"In a talking machine the combination of a revoluble tablet support, a sound box, and carriage therefor, and means imparting movement to said carriage and sound box past said tablet support, with an impression device comprising an impression receiving surface and means for making an impression thereon, one member of said impression device being movable past the other, and means whereby the movement of said carriage imparts movement to the movable member of said impression device past the relatively stationary member of said device."

There is little dispute as to the facts. In April or May, 1906, Chisholm had constructed in Boston a device embodying this invention which he introduced in evidence, and which, at the time of its introduction, was operative. The Examiner of Interferences was not quite satisfied that the evidence warranted

a finding that the trying out of this device at the time of its construction amounted to a reduction to practice. The Board of Examiners in Chief and the Assistant Commissioner, however, were satisfied on this point.. A careful examination of the evidence leads us to accept their conclusion, and, finding no evidence that would warrant a ruling that the invention thereafter was deliberately concealed or suppressed within the rule laid down in *Mason* v. *Hepburn*, 13 App. D. C. 86; *Dieckmann* v. *Brune*, 37 App. D. C. 399; and *Dutcher* v. *Jackson, post*, 465, present term,—we affirm the decision.      *Affirmed.*